UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CURTIS ROBERSON, | ) | CASE NO. 1:11 CV 2202 |
| Petitioner, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| CUYAHOGA COUNTY OHIO, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Respondents. | ) ) | |

On October 17, 2011, Petitioner *pro se* Curtis Roberson filed the above-captioned *in forma pauperis* action, entitled "Petition for Writ of Habeas Corpus and Mandamus" (the "Petition"). He names the following Respondents: Cuyahoga County, Ohio, Cuyahoga County Court of Common Pleas Judge Timothy McGinty, Cuyahoga County Prosecutor Bill Mason, Cuyahoga County Probation Officer Patrick M. Shepard, and Cuyahoga County Assistant Public Defender Val Arbie McClelland. While the Petition is unclear, it appears primarily to challenge the denial of postconviction motions filed in the Cuyahoga County Court of Common Pleas concerning Petitioner's 2003 conviction, pursuant to a guilty plea, for unlawful sexual conduct with a minor. Respondents filed a Motion for Extension of Time to Answer on November 14, 2011. For the reasons stated below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, a petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

There is no suggestion on the face of the Petition or its attachments that Petitioner has exhausted his state court remedies concerning the issues raised in his postjudgment motions.  Thus, without regard to the potential merits of the grounds sought to be raised herein, the Petition is premature.[1]

Further, the common-law writ of mandamus, codified at 28 U.S.C. § 1361 provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  As none of the Respondents are officers or employees of the United States or its agencies, mandamus relief is not available.[2]

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 1915(e).  Respondents' Motion for Extension is denied as moot.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

    IT IS SO ORDERED.

    S/Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    UNITED STATES DISTRICT JUDGE

November 18, 2011

---

[1] The Court expresses no views concerning whether or not Petitioner has procedurally defaulted any potential habeas claims, or whether the filing of such claims are, or could ever be, timely.

[2] To the extent Petitioner seeks to bring criminal charges against Respondents through this civil action, he may not do so.  Criminal cases are only initiated by the United States Attorney.  28 U.S.C. § 547; Fed. R. Crim. P. 7(c).